IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06CV44-03-MU

| | | |
|---|---|---|
| MARK K. MANDZCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| SARGEANT SAUCEA et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under

42 U.S.C. § 1983, (Document No. 1 ) filed on February 14, 2006.

## I. FACTS

In his Complaint, Plaintiff alleges that while held in Buncombe County Detention Facility

on October 8, 2005 from 6:00 p.m. to 6:00 a.m., on October 9, 2006, the toilet in the cell he was

being held in was stopped up and leaking all over the floor.  The leaking toilet caused a terrible smell

in the cell which was full and crowded with detainees. Plaintiff contends that requests for cleaning

supplies were ignored.  At 6:00 a..m., on October 9, 2006, when the day shift came on duty, Plaintiff

and the other detainees were moved to another cell.

## III. ANALYSIS

### A. Plaintiff has Failed to State a Claim

Confinement conditions of pretrial detainees are to be evaluated under the due process clause

rather than under the eighth amendment.  Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979).  In order

to conclude that Plaintiff's rights under this clause were violated, it is necessary to find that

1

Defendant's actions amounted to punishment and were not merely an "incident of some other legitimate governmental purpose." Id. Courts may consider the limited amount of time a pretrial detainee spends in jail as a factor in considering claims of constitutional conditions. Id.

In the instant case, Plaintiff was subjected to a malfunctioning toilet causing leakage from the toilet and overflow from using a toilet which was not functioning properly. Moreover, such toilet produced a terrible smell. According to the Plaintiff, despite complaints from other detainees and requests for cleaning supplies, jail staff ignored the problem. However, when the day shift arrived at 6:00 a.m., Plaintiff and the other detainees were promptly moved into a clean cell with working facilities.

Complaints of inadequate toilet facilities may state a constitutional violation in certain situations. Sweet v. South Carolina Dep't of Corrections, 529 F.2d 854, 860 n. 11 (4th Cir. 1975) (complaints about infrequent showers and inadequate toilet facilities); Williams v. Benjamin, 77 F.3d 756, 764-65 (4th Cir. 1996) (inmate deprived of toilet and shower for eight hours after being sprayed with mace). However, in the instant case, although Plaintiff was subject to a malfunctioning toilet for twelve hours, he was promptly moved into a clean cell upon the arrival of the day shift. Plaintiff has failed to establish how Defendant's actions, causing Plaintiff to be in a cell with a malfunctioning toilet for twelve hours, amounted to punishment under the Due Process Clause. The alleged condition, the malfunctioning, leaking toilet, was not a sufficient deprivation to constitute an unconstitutional condition especially in light of the limited time Plaintiff was in the cell. Therefore, Plaintiff's Complaint is dismissed for failure to state a claim.

## IV. <u>ORDER</u>

     **NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief.

**SO ORDERED.**

Signed: February 15, 2006

Graham C. Mullen
United States District Judge